Rebecca L. Hill, USB# 06246
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, Utah  84111
Telephone:  (801) 323-5000
Facsimile:  (801) 355-3472
Email: rebecca.hill@chrisjen.com

*Attorneys for Plaintiff American Economy Insurance Company*

# UNITED STATES DISTRICT COURT FOR THE

# DISTRICT OF UTAH – NORTHERN DIVISION

| | |
|---|---|
| LIBERTY MUTUAL PERSONAL INSURANCE COMPANY, a Massachusetts Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KEITH CHRISTENSEN, a Utah resident, MELANIE CHRISTENSEN, a Utah resident, BREANNA STUDENKA, as parent and guardian of BD, a Utah resident, TRAVIS DORSCH, as parent and guardian of BD, a Utah resident<br><br>Defendants. | **COMPLAINT FOR DECLARATORY RELIEF**<br><br><br>Case No.: 1:23-cv-00128-CMR<br>Judge:  Cecilia M. Romero |

Plaintiff, Liberty Mutual Personal Insurance Company, by and through the undersigned counsel, hereby submits this Complaint for Declaratory Relief and alleges as follows:

## THE PARTIES

1. Plaintiff Liberty Mutual Personal Insurance Company ("Liberty Mutual") is a corporation organized under the laws of the State of Massachusetts, with its principal place of business in Boston, Massachusetts.

2. Defendant Keith Christensen is, or was at all times relevant to the subject matter of this action, a resident of Cache County, State of Utah.

3. Defendant Melanie Christensen is, or was at all times relevant to the subject matter of this action, a resident of Cache County, State of Utah.

4. Upon information and belief, Defendant Breanna Studenka, parent and guardian of BD, a minor, is or was at all times relevant to the subject matter of this action, a resident of Cache County, State of Utah.

5. Upon information and belief, Defendant Travis Dorsch, parent and guardian of BD, a minor, is or was at all times relevant to the subject matter of this action, a resident of Cache County, State of Utah.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this court under 28 U.S.C. § 1391(a) because the events or omissions giving rise to this lawsuit occurred within this jurisdiction.

**GENERAL ALLEGATIONS**

**A.   The Underlying Lawsuit**

8. Defendants Breanna Studenka and Travis Dorsch, as parents and guardian of BD, a minor, have filed a civil suit against Defendants Keith Christensen and Melanie Christensen and others in a case styled BD, a minor, through his parents and guardians, *Breanna Studenka and Travis Dorsch v. Elevation Climbing, Inc., et al*, Case No. 230100075, filed in the First

Judicial District Court, Cache County, State of Utah (hereinafter the "Underlying Suit").

9. The other defendant in the Underlying Suit, which is not a party to this action, is Elevation Climbing, Inc.

10. The Underlying Suit concerns claims that ZC, the minor child of Defendants Keith Christensen and Melanie Christensen (collectively the "Christensens"), sexually assaulted BD, the minor child of Defendants Breanna Studenka and Travis Dorsch, while the children were attending a summer camp at Elevation Rock Gym located in North Logan, Utah in July 2022.

11. The alleged acts of sexual assault/molestation are described in the Underlying Suit's Complaint:

> 15. During Elevation Rock Gym's summer camp, ZC repeatedly took BD with him to one of Elevation Rock Gym's bathrooms, locked BD inside the bathrooms, and then sexually assaulted him.
>
> 16. Among other things, ZC fondled BD's penis, placed BD's penis in his mouth, and placed his penis in BD's mouth.
>
> 17. ZC sexually assaulted BD during Elevation Rock Gym's summer camp at least four times.

First Amended Complaint and Jury Demand ("Underlying Suit Complaint") at ¶¶ 15-17, a copy of which is appended hereto as Exhibit A.

12. The Underlying Suit Complaint alleges claims against the Christensens as parents of ZC:

> 25. As the [] parents of ZC, Keith and Melanie Christensen had a duty to exercise reasonable and prudent care to control ZC and prevent ZC from intentionally harming others or posing an unreasonable risk of bodily harm to others.
>
> 26. Keith and Melanie Christensen had reason to know they had the ability to control ZC.

3

27. Keith and Melanie Christensen knew or should have known of the necessity and opportunity for exercising control over ZC.

28, In particular, Keith and Melanie Christensen knew that ZC had a history or inappropriate sexual behavior and that there was a risk that ZC would act out sexually in a manner that harmed other children like BD.

29. Keith and Melanie Christensen breached their duty of care when they failed to warn plaintiffs of the threat of sexual assault that ZC posed to BD and/or take other precautions to eliminate the threat of sexual assault that ZC posed to BD.

*Id*. at ¶¶ 25-29, Exhibit A.

13. The Underlying Suit Complaint asserts a cause of action of Negligence against the Christensens which states:

45. Keith and Melanie Christensen, as the [] parents of ZC, had a duty to exercise reasonable and prudent care to control ZC and prevent ZC from intentionally harming others or posing an unreasonable risk of bodily harm to others.

46. Keith and Melanie Christensen had a reason to know they had the ability to control ZC.

47. Keith and Melanie Christensen knew or should have known of the necessity and opportunity for exercising control over ZC.

48. In particular, Keith and Melanie Christensen knew that ZC had a history of inappropriate sexual behavior and that there was a risk that ZC would act out sexually in a manner that harmed other children like BD.

49. Keith and Melanie Christensen breached their duty of care when they failed to warn plaintiffs of the threat of sexual assault that ZC posed to BD and/or take other precautions to eliminate the threat of sexual assault that ZC posed to BD.

50. As a direct and proximate cause of Keith and Melanie Christensen's negligence, plaintiff BD suffered injuries and damages, including both economic and noneconomic damages.

51. Keith and Melanie Christensen are responsible for the harm their actions caused to plaintiff.

  52. Plaintiffs are entitled to recover from Keith and Melanie Christensen for their economic and noneconomic damages relating to plaintiff BD's injuries.

*Id*. at ¶¶ 45-52, Exhibit A.

 14. In addition to seeking economic and noneconomic damages, the Underlying Suit Complaint asserts a claim for punitive damages. *See id*. at Prayer for Relief, D, Exhibit A.

 **B.** **The Insurance Policy**

 15. Liberty Mutual issued a homeowners policy to the Christensens, Policy No. H3V-261-637599-75 2 5 , policy period March 1, 2022 to March 1, 2023 ("Insurance Policy" or "Policy"). A copy of the Insurance Policy is appended hereto as Exhibit B.

 16. The Insurance Policy provides Personal Liability coverage with limits of $500,000 each occurrence. *See* Policy Declaration at p. 1 of 3, Exhibit B.

 17. The Personal Liability coverage's insuring agreement provides:

SECTION II – LIABILTY COVERAGES

**COVERAGE E – Personal Liability**

If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:

**1.** Pay up to our limit of liability for the damages for which the "insured" is legally liable. Damages include prejudgment interest awarded against the "insured"; and

**2.** Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the "occurrence" equals our limit of liability.

Homeowners 00 03 04 91 at p. 11 of 16; Exhibit B.

18.     The Insurance Policy also contains a number of exclusions to liability coverage and below are the exclusions relevant to this action:

**SECTION II – EXCLUSIONS**

**1. Coverage E - Personal Liability and Coverage F – Medical Payments to Others** do not apply to "bodily injury" or "property damage":

   a. Which is expected or intended by the "insured", even if the resulting "bodily injury" or "property damage"

   (1) is of a different kind, quality or degree than initially expected or intended; or

   (2) is sustained by a different person, entity, real or personal property, than initially expected or intended.

   However, this exclusion does not apply to "bodily injury" resulting from the reasonable use of force to protect persons or property.

                    *     *     *     *

   k. Arising out of sexual molestation, corporal punishment or physical or mental abuse . . . .

*Id*. at p. 11-12 of 16 and Special Provisions – Utah Endorsement, FMHO 610OUT 11 15 at p. 8 of 10.[1]

19.     The Policy defines the following terms which are used in the portions of the Policy's provisions which are relevant to insurance coverage regarding the Underlying Suit:

**DEFINITIONS**

In this policy "you" and "your" refer to the "named insured" shown in the Declarations and:

   a. the spouse of the "named insured" shown in the Declarations, if a resident of the same household; or
   b. the partner in a civil union, registered domestic partnership or similar

---

[1] The Special Provisions Utah Endorsement amends Liability Section exclusion a. of the Homeowners 00 03 04 91 Form.

   union or partnership, with the "named insured" shown in the Declarations.
* * * *

   "We," "use" and "our" refer to the Company providing this insurance. In addition, certain words and phrases are defined as follows:
* * * *

**1.** "Bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death that results.
* * * *

**3.** "Insured" means you and residents of your household who are:
a. Your relatives; or
b. Other persons under the age of 21 and in the care of any person named above.
* * * *

**5.** "Occurrence" mean an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period in:

 a. "Bodily injury"; or
 b. "Property damage."

Homeowners 00 03 04 91 at p. 1 of 16 and Homeowners Amendatory Endorsement, FHMO 2934 07 20 at p. 1 of 1; Exhibit B.[2]

  **C.** **Tender of the Underlying Suit**

  20. The Christensens tendered the defense of the Underlying Suit to Liberty Mutual in the late Spring of 2023, following their notice of the civil action filed by Breanna Studenka and Travis Dorsch.

  21. Liberty Mutual accepted the Christensens' tender of defense of the Underlying Suit subject to a reservation of rights to deny coverage and file this declaratory judgment action. *See* Letter from Damon Taggert to Keith and Melanie Christensen, dated July 5, 2023.

---

[2] The Homeowner Amendatory Endorsement amended the definition of "you" of the Homeowners 00 03 04 91 Form.

## FIRST CAUSE OF ACTION
## REQUEST FOR DECLARATORY RELIEF
### (Absence of Insurance Coverage For Claims Alleged Against the Christensens)

22. Liberty Mutual adopts by reference the allegations of Paragraphs 1 through 21 of the foregoing Complaint, as though fully set forth herein.

23. An actual dispute and controversy has arisen between Liberty Mutual and the Defendants regarding insurance coverage under the Insurance Policy for the claims brought by BD, a minor, through his parents and guardians, Breanna Studenka and Travis Dorsch, against the Christensens in the Underlying Suit.

24. Liberty Mutual contends that it does not owe a duty to provide a defense and/or any indemnification coverage to the Christensens under the Insurance Policy for the alleged claims and causes of action alleged against them in the Underlying Suit because:

> (a) The alleged harm and bodily injury to BD was not caused by an accidental "occurrence" as defined by the Policy; thus no liability coverage is triggered and afforded under the Policy;
>
> (b) The alleged harm and bodily injury to BD was allegedly expected or intended by the insureds, falling within the scope of the Policy's exclusion a., and therefore excluded from coverage; and/or
>
> (c) The alleged harm to BD arises out of sexual molestation, falling within the scope of the Policy's exclusion k., and therefore excluded from coverage.

25. A judicial determination is necessary and appropriate at this time to determine the rights and duties of Liberty Mutual as to the Christensens under the Insurance Policy for the claims and causes of action alleged against the Christensens in the Underlying Suit.

26. Pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, Liberty Mutual seeks a judicial declaration that: 1) Liberty Mutual does not owe a duty to defend the Christensens under the Insurance Policy for any of the alleged claims and causes of action made by BD, a minor, through his parents and guardians, Breanna Studenka and Travis Dorsch, against the Christensens in the Underlying Suit; 2) Liberty Mutual may withdraw and cease paying defense costs for the Christensens in relation to the Underlying Suit; and 3) since Liberty Mutual does not owe a duty to defend the Christensens as there is no coverage under the Insurance Policy for the Underlying Suit, Liberty Mutual does not owe a duty to indemnify the Christensens under the Insurance Policy for any of the claims and causes of action made by BD, a minor, through his parents and guardians, Breanna Studenka and Travis Dorsch, against the Christensens in the Underlying Suit.

**SECOND ALTERNATIVE CAUSE OF ACTION**
**REQUEST FOR DECLARATORY RELIEF**
**(Absence of Indemnification Coverage For Punitive Damages Claims Alleged in Underlying Suit)**

27. Liberty Mutual adopts by reference the allegations of Paragraphs 1 through 26 of the foregoing Complaint, as though fully set forth herein.

28. An actual dispute and controversy have arisen between Liberty Mutual and the Defendants regarding indemnification insurance coverage for the claim of punitive damages alleged by BD, a minor, through his parents and guardians, Breanna Studenka and Travis Dorsch, against the Christensens in the Underlying Suit.

29. In the alternative to the First Cause of Action, Liberty Mutual contends that it does not owe a duty to provide indemnification coverage to the Christensens under the Insurance Policy for the alleged claim of punitive damages.

30.     Under Utah law, insurers are prohibited from providing insurance coverage for punitive damages.  Section 31A-20-101 provides:

> **31A-20-101.  Underwriting limitations.**
> No Insurer may insure or attempt to insured against:
> (1) a wager or gaming risk;
> (2) loss of an election;
> (3) the penal consequences of a crime; or
> (4) punitive damages.

Utah Code Ann. § 31A-20-101.  Accordingly, Liberty Mutual may not insure and does not owe a duty to provide indemnification coverage to the Christensens under the Policy for the alleged claim for punitive damages set forth in the Underlying Suit based on Utah Code Ann. § 31A-20-101(4).

31.     A judicial determination is necessary and appropriate at this time to determine the rights and duties of Liberty Mutual as to the Christensens under the Policy for the claim of punitive damages alleged in the Underlying Suit.

32.     Pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, Liberty Mutual seeks an judicial declaration in the alternative to the First Cause of Action that it does not owe a duty to indemnify the Christensens under the Insurance Policy for the claim of punitive damages asserted in the Underlying Suit as it is statutorily prohibited under Utah Code § 31A-20-101(4).

**WHEREFORE** Liberty Mutual prays for judgment in its favor and against Defendants as follows:

1.     For a declaration on the First Cause of Action that Liberty Mutual is not obligated to defend or indemnify the Christensens for any and all of the allegations made by BD, a minor,

through his parents and guardians, Breanna Studenka and Travis Dorsch, in the Underlying Suit because:

    (a) The alleged harm and bodily injury to BD was not caused by an accidental "occurrence" as defined by the Policy; thus no liability coverage is triggered and afforded under the Policy;

    (b) The alleged harm and bodily injury to BD was allegedly expected or intended by the insureds, falling within the scope of the Policy's exclusion a., and therefore excluded from coverage; and/or

    (c) The alleged harm to BD arises out of sexual molestation, falling within the scope of the Policy's exclusion k., and therefore excluded from coverage.

And upon that declaration that Liberty Mutual owes no duty to defend or indemnify the Christensens, a declaration that Liberty Mutual may withdraw from providing defense to the Christensens in the Underlying Suit.

    2.    For a declaration on the Second Alternative Cause of Action that Liberty Mutual is not obligated to indemnify the Christensens for the claim for punitive damages alleged in the Underlying Suit.

    3.    For all other relief to which Liberty Mutual may be entitled.

Dated this  5th  day of  December, 2023.

                                                CHRISTENSEN & JENSEN, P.C.

                                                /s/ Rebecca L. Hill
                                                Rebecca L. Hill
                                                *Attorneys for Plaintiff*